UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELISSA D. B., | ) |
| | ) |
|        *Plaintiff* | ) |
| | ) |
| v. | )    No. 1:20-cv-00181-JDL |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis, *inter alia*, that the ALJ's physical residual functional capacity (RFC) assessment is unsupported by substantial evidence because the ALJ improperly relied on her own interpretation of raw medical evidence. *See* [Plaintiff's] Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 2-11. I agree and, accordingly, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

relevant part, that the plaintiff had the severe impairments of anxiety, depression, and fibromyalgia syndrome, Finding 2, Record at 17; that she had the RFC to perform light work as defined in 20 C.F.R. § 416.967(a) except that she could lift and carry 10 pounds occasionally and less than 10 pounds frequently, could stand and walk for four hours and sit for six hours in an eight-hour day, could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, could never climb ladders, ropes, or scaffolds, could occasionally reach overhead, had to avoid concentrated exposure to temperature extremes, humidity, and respiratory irritants, had to avoid moderate exposure to hazards, such as unprotected heights and machinery with external moving parts, could only be exposed to moderate noise levels, could understand, carry out, and remember simple instructions with minor and infrequent changes to task, could not work with the general public, could have brief superficial interaction with co-workers and supervisors, and could not be subject to strict pace or production requirements, Finding 4, *id*. at 19; that, considering her age (27 years old, defined as a younger individual, on her application date, May 25, 2017), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*. at 25-26; and that she, therefore, had not been disabled from the date of her application, May 25, 2017, through the date of the decision, June 6, 2019, Finding 10, *id*. at 27. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be

supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g). *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

In September 2017, the plaintiff underwent a consultative examination by Fred Fridman, D.O. *See* Record at 346-49. Dr. Fridman acknowledged her complaints of "[w]idespread joint pain and fatigue with [a] history of fibromyalgia" but did not diagnose her with fibromyalgia or assess any physical limitations. *See id.* at 349. That same month, Donald Trumbull, M.D., reviewed the plaintiff's disability claims at the initial level. *See id.* at 104-15. Like Dr. Fridman, Dr. Trumbull acknowledged her allegation of fibromyalgia but concluded that it was not a medically determinable impairment and assessed no physical functional limitations. *See id.* at 104, 108. In December 2017, J.H. Hall, M.D., reviewed the plaintiff's claims on reconsideration. *See id.* at 117-29. Unlike Dr. Trumbull, Dr. Hall found the plaintiff's fibromyalgia to be medically determinable but concluded that it was not severe and did not assess any physical limitations. *See id.* at 122-23.

The ALJ found the opinions of Drs. Fridman, Trumbull, and Hall "unpersuasive." *Id.* at 24-25.[2]  She explained that Drs. Trumbull's and Hall's conclusions were undermined by "post-assessment evidence" establishing that the plaintiff's "fibromyalgia syndrome [was] a severe physical impairment" and that she found their opinions "unsupported by the medical evidence of record[.]"  *Id.* at 24.  The ALJ also found Dr. Fridman's opinion inconsistent with the medical record, noting that, although the plaintiff's "physical examinations [were] generally within normal limits, other examiners . . . documented findings of multiple tender points."  *Id.*  This, along with other evidence, made it "reasonable" in her view "to conclude that the [plaintiff] would have difficulties engaging in the full range of light work[.]"  *Id.*

The plaintiff challenges the ALJ's physical RFC findings, arguing, in relevant part, that after acknowledging the materiality of post-assessment evidence and rejecting the opinions of Drs. Fridman, Trumbull, and Hall, the ALJ improperly relied on her own interpretation of the raw medical evidence to assess the physical limitations stemming from the plaintiff's fibromyalgia.  *See* Statement of Errors at 2-5, 11.

The commissioner rejoins that the ALJ assessed an RFC more favorable than the evidence would otherwise support when she gave the plaintiff the benefit of the doubt by partially crediting her subjective allegations.  *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 15) at 3-4, 10-11.

The plaintiff has the better argument.

Although "[i]t is not error to assess restrictions more favorable to a claimant than those set forth by medical experts on the basis of the adoption of a claimant's own testimony[,]" *Starrett v.*

---

[2] The ALJ also rejected the opinion of the plaintiff's treating nurse practitioner, Elizabeth Frederick, that the plaintiff would struggle to maintain full-time employment on the basis that NP Frederick failed to explain "what functional limitations, if any, the [plaintiff] experiences due to her physical impairments."  Record at 25 (citing *id.* at 533).

*Colvin*, No. 2:14-cv-152-JHR, 2015 WL 3966127, at *4 (D. Me. June 29, 2015), the ALJ did not do so here. While the ALJ purported to take "the evidence in the light most favorable to the [plaintiff]," Record at 23, she rejected all expert opinions of record, including those of Drs. Trumbull and Hall because they did not see later-submitted evidence demonstrating that the plaintiff's fibromyalgia was severe, *see id.* at 24. The ALJ acknowledged that the plaintiff had "consistently reported chronic fatigue and widespread pain stemming from fibromyalgia" but did not credit those subjective allegations. *Id*. at 22. Tellingly, she explained that she had "accounted for [the plaintiff's] subjective reports *in combination with the objective evidence* by limiting her to less than the full range of light work, including the limitations in standing and walking along with the additional postural and environmental restrictions." *Id*. at 23 (emphasis added).

In so doing, as the plaintiff argues, *see* Statement of Errors at 3-4, the ALJ relied on her own layperson's interpretation of the raw medical evidence to assess limitations stemming from an impairment she affirmatively found severe, aligning this case with *Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017).

In *Lisa Staples*, this court held remand warranted when an ALJ rejected a treating source's mental RFC assessment and effectively conceded that the opinions of two agency nonexamining consultants that the claimant had no severe mental impairment could not stand as substantial evidence because evidence unseen by them demonstrated that the plaintiff's mental impairments were severe. *See Lisa Staples*, 2017 WL 1011426, at *4-5. "Thus, instead of assessing a mental RFC that gave the [claimant] 'the benefit of the doubt' or otherwise was more favorable than the remaining evidence would support, the [ALJ] . . . assessed an RFC unsupported by substantial evidence." *Id*. at *5; *compare Kristina D. B. v. Berryhill*, No. 1:18-cv-00088-JHR, 2019 WL

5

1407407, at *3-4 (D. Me. Mar. 28, 2019) (affirming when an ALJ rejected expert opinions not because of later-submitted evidence but because she chose to credit some of the claimant's subjective allegations) *with Linda C. T. v. Saul*, No. 2:20-cv-00060-NT, 2021 WL 371691, at *3-4 (D. Me. Feb. 3, 2021) (rec. dec., *aff'd* Feb. 24, 2021) (remanding when an ALJ discounted expert opinions on the basis of later-submitted evidence and partially rejected treating-source opinions, thereby leaving her RFC findings unsupported "by any medical opinion evidence and, hence, not more favorable to the [claimant] than the record would otherwise support").

The commissioner argues that the ALJ did not interpret the objective medical evidence "to assess functional limitations" but, rather, cited it as "tending to lend support to Plaintiff's fibromyalgia diagnosis and some of her subjective allegations of pain[,]" consistent with the diagnostic criteria outlined in Social Security Ruling 12-2p (SSR 12-p). Opposition at 11 (citing SSR 12-2p, 2012 WL 3104869, at *2-3 (July 25, 2012)). Yet, as discussed above, this argument is contradicted by the ALJ's explicit statement that the limitations set forth in her RFC determination were based, in part, on the objective medical evidence. *See* Record at 23.

The commissioner, finally, cites several cases for the proposition that, even assuming error, the plaintiff fails to make the requisite showing to warrant remand. He cites (i) *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015), for the proposition that the plaintiff fails to demonstrate prejudicial error, as a result of which the assessed RFC is more favorable than the evidence would otherwise support, *see* Opposition at 3, (ii) *Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014), and *Soto*, 2015 WL 58401, at *3 n.4, for the proposition that the plaintiff fails "to identify the specific raw medical evidence that [s]he alleges that the [ALJ] improperly interpreted, as required in this district[,]" *id*. at 3-4, 10, and (iii) *Grivois v. Colvin*, No. 1:14-cv-68-JHR, 2015 WL 1757152, at *3 (D. Me. Apr. 17, 2015), for the

proposition that the plaintiff "fails to point to specific limitations stemming from her fibromyalgia that the ALJ should have included in the RFC[,]" *id*. at 11.

*Soto* and *Bowden* are distinguishable for the same reasons this court distinguished them in *Lisa Staples*. In *Soto*, the ALJ did not indicate that agency nonexamining consultants' opinions "had been called into question by later-submitted evidence[,]" nor did the court "hold that those opinions could not serve as substantial evidence of the claimants' RFC." *Lisa Staples*, 2017 WL 1011426, at *4. In *Bowden*, "the court held that the [ALJ] made a permissible commonsense judgment pursuant to *Gordils*[.]" *Id*. at *5; *Gordils v. Sec'y of Health & Human Servs*., 921 F.2d 327, 329 (1st Cir. 1990) (Although an ALJ is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," an ALJ "is not qualified to assess [RFC] based on a bare medical record."). The commissioner does not argue that the ALJ made a common-sense judgment in this case. *See* Opposition at 2-11. Finally, *Grivois* concerned the supportability of the ALJ's discounting of a claimant's subjective allegations stemming from fibromyalgia, not the supportability of assessed functional limitations. *See Grivois*, 2015 WL 1757152, at *3-4.

In the absence of expert support for her RFC determination, the ALJ interpreted the raw medical evidence herself to fill the gap, thereby contravening "the well-established precept that an ALJ is not competent to assess a claimant's RFC directly from the raw medical evidence unless such assessment entails a common-sense judgment." *Stephen R. W. v. Saul*, No. 2:20-cv-00001-LEW, 2020 WL 7418972, at *2 (D. Me. Dec. 18, 2020) (rec. dec., *aff'd* Jan. 19, 2021) (alteration, citation, and internal quotation marks omitted). As noted above, the commissioner does not argue that the ALJ made a common-sense judgment in this case. *See* Opposition at 2-11. Accordingly, instead of assessing an RFC that gave the plaintiff the benefit of the doubt or otherwise was more

7

favorable than the remaining evidence would support, the ALJ assessed an RFC unsupported by substantial evidence. *See Lisa Staples*, 2017 WL 1011426, at *5, 8.

This error, in turn, undermined the relevance of the VE testimony on which the ALJ relied to meet the commissioner's Step 5 burden that a person with the posited RFC could perform jobs existing in significant numbers in the national economy, *see* Record at 26, 94-96, warranting reversal and remand, *see, e.g., Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (holding that responses of a VE are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 11th day of June, 2021.

                                            /s/ John H. Rich III
                                            John H. Rich III
                                            United States Magistrate Judge